GARCIA, ARTIGLIERE & MEDBY
Stephen M. Garcia, State Bar No. 123338
sgarcia@lawgarcia.com
David M. Medby, State Bar No. 227401
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, California 90831
Telephone: (562) 216-5270
Facsimile: (562) 216-5271

*Attorneys for Plaintiff and Proposed Class Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TARA SHAIA, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>HARVEST MANAGEMENT SUB LLC;<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND STATE WAGE AND HOUR LAWS**<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff Tara Shaia (hereinafter referred to as "Plaintiff"), an individual, on her own behalf and on behalf of similarly situated parties, complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour claims because those claims derive from a common nucleus of operative fact.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The United States District Court for the Northern District of California has personal jurisdiction over Harvest Management Sub, LLC ("Defendant" or "Harvest") because Harvest is a limited liability company conducting substantial, continuous and systematic business throughout the State of California, including in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

7. Pursuant to N.D. Cal. Local Rule 3-2(c), (d) and (e), intra-district assignment to the San Francisco Division is proper because a substantial part of the events that give rise to the claims asserted occurred in Contra Costa County.

## SUMMARY OF CLAIMS

8. Plaintiff is employed as an Executive Chef at one of Harvest's senior retirement communities. Executive Chefs have the primary duties of cooking and preparing all meals for Harvest

2

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

residents; assisting other kitchen workers in the performance of their duties and/or filling in for any kitchen employees who are absent from their shift, including dishwashing and clearing tables; interacting with residents in the dining room to gauge resident satisfaction; pour coffee for residents in the dining room; completing orders with suppliers of food and other goods utilized in the kitchen, and modifying menus to meet the specific resident preferences. They were and/or are misclassified by Harvest as exempt from the overtime provisions of the FLSA and/or state wage and hour laws as described below.

9. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by Harvest nationwide as Executive Chefs at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by Harvest as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

10. Plaintiff also brings this action on behalf of all persons who were, are, or will be employed by Harvest in California as an Executive Chef (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly classified as exempt from overtime pay under California law.

11. Harvest has unlawfully classified Plaintiff, Nationwide FLSA Plaintiffs, and the California Class as exempt from overtime payments required under federal and California law, despite the fact that they should have been classified as nonexempt. Plaintiff, Nationwide FLSA Plaintiffs, and the California Class worked overtime hours, as defined by applicable federal and California laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

12. Harvest has willfully refused to pay Plaintiff, Nationwide FLSA Plaintiffs, and the California class the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

13. Harvest's practices violate the FLSA and California law as pled herein. Plaintiff seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or

1 permitted by Harvest, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

14. Plaintiff Tara Shaia was employed by Harvest in Pinole, California at Harvest's Bay Park senior retirement community from approximately 2005 to the present as a Harvest Executive Chef. Tara Shaia had the primary duties of cooking and preparing all meals for Harvest residents; assisting other kitchen workers in the performance of their duties, including dishwashing and clearing tables; interacting with residents in the dining room to gauge resident satisfaction; pour coffee for residents in the dining room; completing orders with suppliers of food and other goods utilized in the kitchen, and formulating the menus. She worked for Harvest as an Executive Chef during the FLSA Class Period and the California Class Period. Tara Shaia worked hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both federal and California law.

15. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. §216(b) and 256.

16. Defendant Harvest is a limited liability company organized and existing pursuant to the laws of the State of Delaware. Harvest regularly and systematically injects itself into the commerce stream and does substantial, continuous and systematic business throughout the State of California, including in Contra Costa County. Harvest is the owner, operator and/or manager of over 300 independent senior living communities throughout the United States operating under the "Holiday Retirement" banner, including at least 35 such facilities in the State of California. The practices described herein were performed by Harvest in this district and throughout the United States.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

18. Plaintiff and the Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions prior to May of 2014, and are subject to

4

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

Harvest's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

19. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

20. The names and addresses of the Nationwide FLSA Plaintiffs are available from Harvest's records. Notice should be provided to the Nationwide FLSA Plaintiffs via both first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

21. The Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all California Class Members, defined in paragraph 10.

22. Numerosity (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable. The Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period, Harvest has employed at least fifty persons who satisfy the definition of the California Class.

23. Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

   a. Whether Harvest unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 204, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 5-2001.

   b. Whether the Plaintiff and California Class Members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

   c. Whether Harvest's policy and practice of classifying the California Class Members as exempt from overtime entitlement under California law and Harvest's policy and practice

of failing to pay overtime to California Class Members violate applicable provisions of California law, including applicable statutory and regulatory authority;

      d.     Whether Harvest unlawfully failed to keep and furnish California Class Members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

      e.     Whether Harvest unlawfully failed to provide California Class Members with meal and rest breaks, in violation of Labor Code §§ 226.7 and 512;

      f.     Whether Harvest's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

      g.     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

24.    Typicality (Fed. R. Civ. P. 23(a)(3)) – The Plaintiff's claims are typical of California Class Members' claims. The Plaintiff, like other California Class Members, was subjected to Harvest's policy and practice of refusing to pay overtime in violation of California law. The Plaintiff's job duties were typical of those of other California Class Members.

25.    Adequacy (Fed. R. Civ. P. 23(a)(4)) – The Plaintiff will fairly and adequately represent and protect the interests of the California Class.

26.    Adequacy of counsel (Fed. R. Civ. P. 23(g)) – The Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. The Plaintiff's counsel have litigated numerous class actions asserting overtime misclassification claims under the FLSA and California law. The Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

27.    Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Harvest's common and uniform policies and practices unlawfully treat California Class Members as exempt from overtime pay requirements. The damages suffered by individual California Class Members are

small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Harvest's practices.

28. Notice (Fed. R. Civ. P. 23(c)(2)(B)) – The Plaintiff intends to send notice to all California Class Members consistent with the requirements of Fed. R. Civ. P. 23.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., Brought by Plaintiff on Behalf of Herself and the Nationwide FLSA Plaintiffs)

29. Plaintiff, on behalf of herself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

30. At all relevant times, Harvest has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Harvest has employed, and continue to employ, "employee[s]," including Plaintiff, and each of the Nationwide Plaintiffs. At all relevant times, Harvest has had gross operating revenues in excess of $500,000.

31. Attached hereto as Exhibit 1 is the Consent to Sue form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. The Consent to Sue Form is also being separately filed concurrently herewith and will appear on the docket separately. It is likely that other similarly situated individuals will sign consent forms and join as plaintiffs on this claim in the future.

32. The FLSA requires each covered employer, including Harvest, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

33. The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

34. At all relevant times, Harvest, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

35. By failing to compensate Plaintiff, and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Harvest has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. §§ 206, 207(a)(1) and § 215(a).

36. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, Harvest has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. Plaintiff, on behalf of herself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Harvest, as provided by the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff, on behalf of herself and the Nationwide FLSA Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(Cal. Wage Order No. 5-2001; Cal. Labor Code §§ 510, 1194, Brought by the Plaintiff on Behalf of Herself and the California Class)

40. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

41. California law requires an employer, such as Harvest, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

42. The Plaintiff and California Class Members are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

43. Throughout the California Class Period, and continuing through the present, the

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

Plaintiff and California Class Members worked in excess of eight hours in a workday and/or forty hours in a workweek. The Plaintiff and certain California Class Members also worked in excess of twelve hours in a workday.

44. During the California Class Period, Harvest misclassified the Plaintiff and California Class Members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

45. As a direct and proximate result of Harvest's unlawful conduct, as set forth herein, the Plaintiff and California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Harvest in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law

### THIRD CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the Plaintiff on Behalf of Herself and the California Class)

46. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

47. California Labor Code sections 201 and 202 require Harvest to pay its employees all wages due within the time specified by law. California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

48. All California Class Members who ceased employment with Harvest are entitled to unpaid compensation, but to date have not received such compensation.

49. More than thirty days have passed since certain California Class Members left Harvest's employ.

50. As a consequence of Harvest's willful conduct in not paying compensation for all hours worked, the California Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
(California Record-Keeping Provisions, Cal. Wage Order No. 5-2001;
Cal. Labor Code §§ 226, 1174, & 1174.5, Brought by the Plaintiff on
Behalf of Herself and the California Class)

51. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

52. Harvest knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to the Plaintiff and California Class Members in accordance with Labor Code section 226(a) and the IWC Wage Orders. Such failure caused injury to the Plaintiff and California Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Harvest has failed to maintain records of hours worked by the Plaintiff and California Class Members as required under Labor Code section 1174(d).

53. The Plaintiff and California Class Members are entitled to and seek injunctive relief requiring Harvest to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### FIFTH CLAIM FOR RELIEF
(California Meal And Rest Period Provisions,
Cal. Wage Order No. 5-2001; Cal. Labor Code §§ 218.5, 226.7, & 512,
Brought by the Plaintiff on Behalf of Herself and the California Class)

54. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff and California Class Members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code sections 226.7 and 512 and Wage Order No. 5-2001, section 11(a).

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

56. In addition, the Plaintiff and California Class Members regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code section 226.7 and Wage Order No. 5-2001, section 12.

57. As a result of Harvest's failure to afford proper meal periods, it is liable to the Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 5-2001, section 11(b).

58. As a result of Harvest's failure to afford proper rest periods, it is liable to the Plaintiff and California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code section 226.7 and Wage Order No. 5-2001, section 12(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,**
**Brought by the Plaintiff on Behalf of Herself and the California Class)**

59. The Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

60. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

61. Beginning at a date unknown to the Plaintiff, but at least as long ago as four years before the filing of this action, Harvest committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Harvest's conduct as herein alleged has injured the Plaintiff and California Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to the Plaintiff and to California Class Members.

62. Harvest engaged in unfair competition in violation of the UCL by violating, *inter alia*,

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    a. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

    b. California Labor Code § 1194;

    c. California Labor Code §§ 201, 202, 203, 204, 226, 226.7, and 512;

    d. California Labor Code § 1174; and

    e. California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

63. Harvest's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Harvest's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

64. The unlawful and unfair business practices and acts of Harvest, described above, have injured California Class Members in that they were wrongfully denied the payment of earned overtime wages.

65. The Plaintiff, on behalf of herself and the California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

66. The Plaintiff, on behalf herself and the California Class Members, seeks recovery of attorneys' fees and costs of this action to be paid by Harvest, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

COMPLAINT

M:\Shaia, Tara - Harvest Management (14-099)\Pleadings\Complaint.doc

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all members of the Nationwide FLSA Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Harvest;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-judgment interest, as provided by law; and

H. Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff on behalf of herself and all members of the California Class, prays for relief as follows:

I. Certification of this action as a class action on behalf of the California Class;

J. Designation of Plaintiff as Representative of the California Class;

K. A declaratory judgment that the practices complained of herein are unlawful under California law;

L. Appropriate equitable and injunctive relief to remedy Harvest's violations of California law, including but not necessarily limited to an order enjoining Harvest from continuing its unlawful practices;

M. Appropriate statutory penalties;

N. An appropriate award of damages, liquidated damages, treble damages, and restitution to be paid by Harvest according to proof;

O. Restitution;

P. Pre-Judgment and Post-Judgment interest, as provided by law;

Q. Such other injunctive and equitable relief as the Court may deem just and proper; and

R. Attorneys' fees and costs of suit, including expert fees and costs.

DATED: October 8, 2014      **GARCIA, ARTIGLIERE & MEDBY**

By: /s/ Stephen M. Garcia
Stephen M. Garcia
sgarcia@lawgarcia.com
David M. Medby
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, CA 90831
(562) 216-5270
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: October 8, 2014      **GARCIA, ARTIGLIERE & MEDBY**

By: /s/ Stephen M. Garcia
Stephen M. Garcia
sgarcia@lawgarcia.com
David M. Medby
dmedby@lawgarcia.com
One World Trade Center, Suite 1950
Long Beach, CA 90831
(562) 216-5270
Attorneys for Plaintiff