United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARA SHAIA, et al.,

Plaintiffs,

v.

HARVEST MANAGEMENT SUB LLC,

Defendant.

_______________________________/

No. C 14-4495 PJH

**ORDER DENYING MOTION FOR EQUITABLE TOLLING**

Before the court is plaintiffs' motion for an order equitably tolling the running of the statute of limitations on the collective action claim brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

**BACKGROUND**

Plaintiff Tara Shaia ("Shaia") filed the original complaint in this action on October 8, 2014. At that time, the court scheduled the initial case management conference ("CMC") for January 22, 2015. Plaintiff served defendant Harvest Management Sub LLC, d/b/a Holiday Retirement ("Holiday") with the summons and complaint on October 9, 2014. On October 29, 2014, the parties stipulated to extend the time for defendant Harvest Management Sub LLC, d/b/a Holiday Retirement ("Holiday") to respond to the complaint approximately 32 days, to December 1, 2014.

Also on October 29, 2014, plaintiffs' counsel wrote to counsel for Holiday requesting contact information for all potential collective plaintiffs, or, in the alternative, an agreement to toll the statute of limitations. According to plaintiffs' counsel, counsel for Holiday did not

respond to the letter, or to plaintiffs' subsequent requests.

On October 31, 2014, Shaia filed a notice of consent to join the FLSA collective action. On November 12, 2014, well before Holiday's response to the complaint was due, per the parties' agreement, Shaia filed a motion for conditional certification of an FLSA collective action, noticing the hearing for December 17, 2014. On November 13, 2014, the court stayed further briefing of the motion and vacated the noticed hearing date, because the parties had not yet appeared for the initial CMC and no pretrial schedule had been set.

On December 1, 2014, the date its response to the complaint was due, Holiday filed a motion to dismiss. On December 3, 2014, Shaia filed a request that the pending certification motion be heard on shortened time, on December 24, 2014, at the same time as Holiday's motion to dismiss (which had previously been noticed for hearing on January 21, 2015).

On December 10, 2014, the court denied the motion to shorten time, noting that the original reason for staying the briefing on the certification motion still held, but also noting that Shaia had filed the motion prematurely (before Holiday's response to the complaint was due, and before the initial CMC), and that in response to Holiday's motion to dismiss, Shaia had filed a motion seeking a hearing five days after her proposed due date for filing the reply brief, and also apparently seeking to modify the briefing schedule for Holiday's motion to dismiss.

On December 15, 2014, Shaia filed a consent-to-join form for Eric Parker ("Parker"), and on the same date, filed the first amended complaint ("FAC"), joining Parker as a named plaintiff. In the FAC, plaintiffs assert an FLSA claim on behalf of a nationwide class, four causes of action alleging violations of the California Labor Code and Wage Orders on behalf of a California class, and a claim under California Business & Professions Code § 17200.

Holiday withdrew the motion to dismiss the original complaint, and filed an answer on January 2, 2015. At the January 22, 2015, CMC, the court set a briefing/hearing schedule for the motion for certification of the collective action, setting the motion for

United States District Court
For the Northern District of California

hearing on April 1, 2015. On March 17, 2015, plaintiffs filed the present motion seeking equitable tolling of the running of the statute of limitations. The certification motion was heard on April 1, 2015 as scheduled, and on April 13, 2015, the court issued an order granting conditional certification.

**DISCUSSION**

A. Legal Standard

The statute of limitations for filing a claim under the FLSA is two years, or three years if the violation is "willful," 29 U.S.C. § 255(a), and continues to run on each individual's claim until his/her consent to joinder is filed with the court. 29 U.S.C. § 256; see also 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

Courts have held that § 256 is a procedural limitation that may be tolled when equity warrants. See Partlow v. Jewish Orphans' Home of So. Cal., Inc., 645 F.2d 757, 761 (9th Cir. 1981), abrogated on other grounds by Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 167 (1989). In general, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

B. Plaintiffs' Motion

Shaia and Parker seek an order equitably tolling the running of the statute of limitations as to those putative members of the collective action who have not yet opted into the action, for the time period from December 17, 2014 (the date originally noticed for the hearing on plaintiff's conditional certification motion), to the date of the granting of the certification motion.

Plaintiffs contend that good cause is shown because, through no fault of their own, the hearing and decision on their motion for conditional certification have been delayed for several months. Specifically, they assert that they noticed the certification motion for

United States District Court
For the Northern District of California

hearing on December 17, 2014, but because the court stayed the briefing and continued the hearing date, the motion was not actually heard until April 1, 2015. They argue that courts have repeatedly held that equitable tolling is particularly warranted where there has been a delay in the court hearing a motion for conditional certification or where there has been a delay in ruling on the motion.

Plaintiffs also contend that equitable tolling is appropriate to "counter the advantage Harvest has gained" by withholding contact information for potential members of the collective action, referring to the fact that plaintiffs' counsel first asked counsel for Holiday for the contact information on October 29, 2014. They claim that potential plaintiffs have not been given notice of this lawsuit and have therefore been prevented from asserting their rights.

Holiday opposes the motion, arguing that plaintiffs have not shown good cause, and that they have not pointed to anything other than ordinary litigation events as a reason for equitable relief. Holiday argues that any delay between the filing of a conditional motion and the ruling on that motion resulting from ordinary procedural events does not justify tolling the statute of limitations, nor does the fact that some delay results from a defendant's opposing a motion for conditional certification. Holiday contends that plaintiffs have made no showing that it has engaged in any wrongful conduct, and that refusing to provide class member information prior to certification is not wrongful conduct.

Holiday also argues that the cases cited by plaintiffs do not support the application of equitable tolling. Holiday asserts that in this case (unlike in the cases granting equitable tolling), there has been no order staying the case, there have been no delays to allow time for extra discovery, there has been no order directing the parties to arbitration or a mandatory settlement conference before plaintiff could file a motion for conditional certification, there is no similar matter pending in another court which might warrant a stay or delay in this case, and there has been no lengthy delay in the court's issuance of a ruling with regard to the conditional certification motion.

The court finds that the motion must be DENIED. Plaintiffs have not shown that they

were prevented from asserting a claim by wrongful conduct on the part of Holiday, or that extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time. See Stoll, 165 F.3d at 1242. Courts have routinely denied requests for equitable tolling in FLSA cases, where the plaintiffs have failed to show that the defendant engaged in any wrongful conduct, and/or failed to show that "extraordinary circumstances" beyond the plaintiffs' control made it impossible to file the claim on time. See, e.g., Woods v. Vector Marketing Corp., 2015 WL 1198593 at *6 (N.D. Cal. Mar. 16, 2015); Ash v. Bayside Solutions, Inc., 2015 WL 427731 at *5 (N.D. Cal. Jan. 30, 2015); Cranney v. Carriage Servs., Inc., 559 F.Supp. 2d 1106, 1109 (D. Nev. 2008).

When Congress enacted § 256 of the FLSA, it was aware that "time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period." Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178, 194 (M.D. Pa. 2008), quoted in Woods, 2015 WL 1198593 at *7. Thus, courts in this district have held that, consistent with Congressional design, good faith motion practice by a defendant does not amount to wrongful conduct warranting equitable tolling of FLSA claims. See, e.g., Ash, 2015 WL 427731 at *5 (citing MacGregor v. Farmers Ins. Exch., 2011 WL 2731227 (D.S.C. July 13, 2011) ("Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so.")).

Holiday's refusal to provide potential plaintiffs' contact information to plaintiffs' counsel also does constitute wrongful conduct sufficient to support equitable tolling, as there is no requirement in the FLSA that a defendant provide contact information for potential plaintiffs until after the court certifies a collective action. See Adedapoidle-Tyehinba v. Crunch LLC, 2013 WL 4082137 at *7 (N.D. Cal. Aug. 9, 2013); Gilbert v. Citigroup, Inc., 2009 WL 424320 (N.D. Cal. Feb. 18, 2009); Prentice v. Fund for Pub. Intereset Res. Inc., 2007 WL 2729187 at *3 (N.D. Cal. Sept. 18, 2007).

Plaintiffs assert that courts have repeatedly held that equitable tolling is particularly

warranted where there has been a delay in the court hearing a motion for conditional certification or where there has been a delay in ruling on the motion. However, the cases cited by plaintiffs are distinguishable, as they involved delays resulting from, e.g., a court-ordered stay, see Cilluffo v. Cent. Refrigerated Servs., Inc., 2012 WL 8523474 at *3 (C.D. Cal. Nov. 8, 2012); Koval v. Pacific Bell Tel. Co., 2012 WL 3283428 at *7 (N.D. Cal. Aug. 10, 2012); Castle v. Wells Fargo Fin., Inc., 2007 WL 1105118 at *1 (N.D. Cal. Apr. 10, 2007); a court-ordered referral to a mandatory settlement conference, see Helton v. Factor 5, Inc., 2011 WL 5925078 at *6-7 (N.D. Cal. Nov. 28, 2011); a prior agreement by the parties to toll the running of the statute of limitations, see Misra v. Decision One Mortgage Co., LLC, 673 F.Supp. 2d 987, 999 (C.D. Cal. 2008); or a substantial delay in issuing the order once the certification motion was ripe, see Warren v. Twin Islands, LLC, 2012 WL 346681 at *3-4 (D. Idaho Feb. 2, 2012).

In Warren, the complaint was filed on March 11, 2011, and defendants filed an answer on April 4, 2011. On August 9, 2011, three months after the CMC, plaintiffs filed a motion for conditional certification, and also requested equitable tolling of the statute of limitations for future opt-in class members effective as of the date the certification motion was filed. They claimed that they had requested defendants at the Rule 26(f) conference in April 2011 to stipulate to conditional certification, but defendants had not responded.

As here, the Warren plaintiffs cited Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007) for the proposition that equitable tolling is appropriate where potential plaintiffs have not yet received notice through no fault of their own, as where the defendants refuse to provide contact information until ordered to do so by the court. However, the Warren court found Adams "not directly applicable" and emphasized that it was "not persuaded by its reasoning." Id., 2012 WL 346681 at *4 (citing Goudie v. Cable Comms., Inc., 2008 WL 4861649 at *3 (D.Or. 2008) for the proposition that "Adams is an anomaly"). The Warren court added that the FLSA does not require defendants to provide contact information to plaintiffs until after the court certifies the collective action, and found that the defendants had thus not engaged in any conduct that justified equitable tolling. Id.,

2012 WL 346681 at *4.

Nevertheless, the Warren court did find that the plaintiffs' certification motion had remained pending for an unusually long time. Accordingly, the court agreed to toll the statute of limitations from October 9, 2011 (30 days following the date the motion was "ripe for decision") until the date of entry of the order granting conditional certification (February 2, 2012).

Thus, while the plaintiffs requested equitable tolling from the date they had filed the motion for conditional certification, the motion had been filed more than four months after the date the original complaint was filed. By that time, the defendants had answered the complaint and the case was at issue. Moreover, the court rejected the approach taken by the Adams court, and found that the fact that defendants refused to provide contact information until ordered to do so by the court did not warrant equitable tolling. The sole basis for the court's decision to toll the statute of limitations was that the court did not issue the ruling for approximately five months after the motion was fully briefed, whereas it "aspire[d]" to rule on all motions within 30-45 days of their becoming ripe.

In none of the cased cited by plaintiffs are the procedural facts comparable to the facts in the present case. There has been no stay of proceedings in this case, and no order to the parties to participate in a settlement conference or to arbitrate their clams before proceeding with the conditional certification motion. In no case (with the exception of the Cranney case discussed below) did the plaintiffs file their certification motion before the case was at issue. In most cases, a period of some months separated the filing of the complaint and the filing of the certification motion.

Here, plaintiffs filed their motion before Holiday had even responded to the complaint, and then, when Holiday responded with a motion to dismiss, plaintiffs filed an amended complaint. The court's decision to stay the briefing and hearing on plaintiffs' certification motion until after Holiday had responded to the complaint and the court had conducted the initial CMC was entirely proper, and does not provide a basis for equitable tolling of the statute of limitations. Once the case was at issue, the court set a briefing

schedule and an April 1, 2015 hearing date. The hearing on the motion was not unduly delayed, and was in fact held on April 1, 2015. Nor is there any question of the court unduly delaying in issuing a decision on the motion, as the written decision was issued fewer than 14 days after the hearing.

Plaintiffs' attempt to distinguish Ash, Woods, and Cranney – cases on which Holiday relies – is unpersuasive. While it is true that there was not a significant delay between the filing of the certification motion and the hearing in Ash and Woods, the plaintiffs in those cases did not did not file the motions prior to the date each case was at issue.

Moreover, the reasoning in those cases applies equally to this case. In Ash, the court denied the motion for equitable tolling, finding that defendants had not acted improperly (or in "bad faith") in opposing the motion for conditional certification. See id., 2015 WL 427731 at *5. In Woods, the court also denied the request, noting that the statute of limitations had already been tolled pursuant to stipulation, and that plaintiffs had made no showing that defendant's counsel had engaged in misconduct or misrepresentations reflecting bad faith of the type that justifies equitable tolling, and had made no showing that the time that had elapsed was not of the kind that Congress anticipated would pass when it enacted § 256. Id., 2015 WL 1198593 at *7. Similarly, in this case, plaintiffs have made no showing of any bad faith or wrongful conduct on the part of Holiday.

In Cranney, a case that in some respects resembles this one, the complaint was filed on November 28, 2007. That same day, plaintiffs filed a motion seeking authorization to send notice of the collective action to defendants' employees, and a motion for an order shortening time for defendants' response to the plaintiffs' motion. At defendants' request, the court extended the time to respond to the motion (and to the complaint) to January 28, 2008. Plaintiffs requested that the statute of limitations for the filing of FLSA claims be tolled from November 28, 2007, to January 28, 2008, claiming that tolling was warranted by delays in the case outside their control – specifically, delays resulting from defendants' requesting additional time to respond to the complaint and the motion seeking authorization for collective action notification. See id., 559 F.Supp. 2d at 1107-08.

United States District Court
For the Northern District of California

The court granted the motion for collective action notification, but denied the motion for equitable tolling. The court noted that equitable tolling applies only in rare situations, and found, under the circumstances presented, that equitable tolling of the statute of limitations would eviscerate the purpose of the statute of limitations; that defendants' request for a 45-day extension to respond to the complaint and motion was not a basis for exercising the extraordinary relief of equitable tolling; that the defendants had engaged in no wrongful conduct supporting a substantial policy reason for equitable tolling of the statute of limitations; and that plaintiffs had not shown that extraordinary circumstances outside their control had made it impossible to file the claims earlier. Id. at 1108-09.

Similarly, in the present case, the gist of plaintiffs' argument is that the statute of limitations should be tolled from the date plaintiffs originally noticed for the hearing on the certification motion, notwithstanding that they filed the motion two and a half weeks before Holiday's response to the original complaint was due, and that the motion was set for hearing more than a month before the date scheduled for the initial CMC. However, plaintiffs have not alleged facts showing that defendants engaged in any wrongful conduct or that extraordinary circumstances warrant equitable tolling.

**CONCLUSION**

In accordance with the foregoing, plaintiffs' motion for equitable tolling of the statute of limitations is DENIED. The date for the hearing, previously noticed for April 23, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated: April 15, 2015

PHYLLIS J. HAMILTON
United States District Judge