UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TARA SHAIA,

        Plaintiff,

    v.

HARVEST MANAGEMENT SUB LLC,

        Defendant.

Case No. 14-cv-4495-PJH

**ORDER GRANTING MOTION TO DECERTIFY COLLECTIVE ACTION**

On October 8, 2016, plaintiffs filed the above-entitled action alleging violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and California's wage and hour laws and unfair competition laws.  Plaintiffs filed a first amended complaint on December 15, 2014, and defendant Harvest Management Sub LLC filed an answer on January 2, 2015.

On April 13, 2015, the court issued an order granting plaintiffs' motion for conditional certification of a nationwide FLSA collective action.  Plaintiffs now seek an order decertifying the collective action, primarily on the basis that the members of the collective action are not "similarly situated."  Defendant has filed a response in support of decertification, stating that it agrees with plaintiffs' position, and adding that the parties have agreed that plaintiffs may move for decertification and that once the collective action is decertified, individual settlements will be formalized with the named plaintiffs and the few eligible class members who had opted in.

Courts in the Ninth Circuit have adopted a two-stage certification procedure in FLSA cases.  See, e.g., Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 466 (N.D. Cal.

2004); Wynn v. Nat'l Broad. Co., 234 F.Supp. 2d 1067, 1082-84 (C.D. Cal. 2002).  At the first stage, the district court approves conditional certification upon a minimal showing that the members of the proposed class are "similarly situated"; at the second stage, usually initiated by a motion to decertify filed by the defendant, the court engages in a more searching review.  Leuthold, 224 F.R.D. at 467.

Where the defendant files a motion to decertify, it is the plaintiffs' burden to "provide substantial evidence to demonstrate that they are similarly situated." Redd v. Cnty of Orange, 266 F.R.D. 446, 449 (C.D. Cal. 2010).  Here, however, it is plaintiffs who have filed the motion to decertify.  They have addressed the relevant factors, but defendant does not oppose the motion.  Thus, the court finds it unnecessary to conduct the usual review.  The motion is GRANTED.  The August 3, 2016, date previously noticed for the hearing of the motion is VACATED.

The court will hear the parties' motion for approval of the individual settlements on Wednesday, October 5, 2016, at 9:00 a.m.  The motion shall be filed no later than August 24, 2016.  The parties shall also be prepared to discuss the status of the remaining state law claims at the October 5, 2016 hearing.

**IT IS SO ORDERED.**

Dated: July 21, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

2